**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| JOHN HUFFMAN<br><br>Plaintiff,<br><br>v.<br><br>AFFILIATED FAMILY DENTISTS, LLC d/b/a AFDENT DENTAL SERVICES<br><br>Defendant. | Case No:<br><br>3:26-cv-00937 |

**COMPLAINT**

The Plaintiff, John Huffman, as and for his Complaint against the Defendant, Affiliated Family Dentists, LLC d/b/a Afdent Dental Services ("Afdent"), alleges and states as follows:

THE PARTIES

1. Huffman is an individual who resides in St. Joseph County, Indiana, and maintains a residence at 51070 Hunters Cove Court, Granger, Indiana 46530.

2. At all relevant times, Huffman was an "eligible employee" within the meaning of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2611(2).

3. At all relevant times, Huffman was an "employee" within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111(4).

4. At all relevant times, Huffman was an individual with a "disability" within the meaning of the ADA, 42 U.S.C. § 12102(1).

5. Afdent is an Indiana limited liability company that maintains its principal office at 605 W. Douglas Rd., Mishawaka, Indiana 46545.

6. Afdent is a privately owned, for-profit company that provides a comprehensive range of professional dental services to patients, including, without limitation, preventive and general dentistry, cosmetic dentistry, orthodontics, restorative dentistry, oral surgery, denture and implant services, and emergency dental care.

7. At all relevant times, Afdent was engaged in commerce or in an industry or activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

8. At all relevant times, Afdent was an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

9. At all relevant times, Afdent was engaged in an industry affecting commerce and employed 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

10. At all relevant times, Afdent was an "employer" within the meaning of the ADA, 42 U.S.C. § 12111(5).

11. At all relevant times, Afdent was a "covered entity" within the meaning of ADA, 42 U.S.C. § 12111(2).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United

States, including under (a) the Family and Medical Leave Act of 1993, as amended, 26 U.S.C. § 2601 *et seq*. (the "FMLA"); (b) the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq*. (the "ADEA"); and (c) the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*. (the "ADA").

13. This Court also has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 2617(a)(2), 42 U.S.C. § 12117(a), and 42 U.S.C. § 2000e-5(f)(3).

14. This Court has personal jurisdiction over Afdent because (a) Afdent is an Indiana limited liability company, (b) Huffman's injuries and damages arise out of or relate to Afdent's unlawful employment practice in the State of Indiana, (c) Huffman's injuries and damages arise out of or relate to actions by Afdent that were intentionally and purposefully directed toward the State of Indiana, and (d) Afdent has otherwise made or established sufficient contacts with the State of Indiana such that the maintenance of this action in this Court does not offend "traditional notions of fair play and substantial justice."

15. Venue is proper in this district under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3) because (a) Afdent resides in this district, (b) a substantial part of the alleged events giving rise to Huffman's claims occurred in this district, and (c) the unlawful employment practices alleged to have been committed occurred in this district.

## THE PLAINTIFF'S EMPLOYMENT WITH AFDENT

16. Over the last 35 years, Huffman was employed by Afdent at various times and served in multiple positions within the company.

17. Most recently, on May 10, 2010, Afdent hired Huffman as a Lab Manager in its on-site laboratory at 605 W. Douglas Rd., Mishawaka, Indiana 46545.

18. In his role as Lab Manager, Huffman oversaw day-to-day denture production and was responsible for ensuring cases were completed on time and for coordinating with dental assistants and department heads to address workflow issues.

19. Huffman also served as the setup department head, performing quality control on teeth positioning and training setup staff.

20. Huffman remained continuously employed by Afdent from May 10, 2010, until July 24, 2024, when Afdent terminated his employment.

21. In 2011, Huffman became an “eligible employee” of Afdent within the meaning of the FMLA, 29 U.S.C. § 2611(2), and remained an “eligible employee” until his employment was terminated on July 24, 2024.

22. Throughout his employment with Afdent, Huffman’s job performance met or exceeded Afdent’s legitimate expectations.

23. Throughout his employment with Afdent, Huffman was never the subject of any disciplinary action.

24. Beginning in or about April 2023, Huffman was diagnosed with multiple medical conditions that required ongoing treatment and care.

25. These medical conditions include fibromuscular dysplasia, celiac artery and renal artery aneurysms, which have required regular monitoring; brain tumors

(subependymomas), which have required continuous observation; and severe cervical spine issues, which have required surgical intervention and follow up.

26. Huffman's medical conditions have substantially limited one or more of his "major life activities," within the meaning of the ADA, 42 U.S.C. § 12102(1)-(2).

27. Throughout his treatment and care for these medical conditions, Huffman kept Afdent informed of his medical status and continued to perform his job duties and responsibilities.

28. Huffman provided updates regarding his medical conditions, treatments, and care to several key Afdent personnel, including Dr. Roger Pecina ("Dr. Pecina"), Afdent's owner; Ryan Pecina ("Ryan Pecina"), Afdent's general manager; and Tania Boling ("Boling"), Afdent's office manager.

29. On July 17, 2024, Huffman met with Ryan Pecina to discuss updates to his medical status.

30. During the July 17, 2024 meeting, Huffman informed Ryan Pecina of his (a) need to attend an upcoming neurosurgery consultation to discuss a potential need for surgery and (b) upcoming appointment at Mayo Clinic to monitor Huffman's celiac artery aneurysm.

31. After Huffman shared these medical status updates, Ryan Pecina's demeanor noticeably changed.

32. As a result of Ryan Pecina's noticeable change of demeanor, Huffman asked about the security of his employment, in response to which Ryan Pecina said, "No one's job is secure."

33. On July 19, 2024, Huffman attended a neurosurgery consultation with Dr. Neil Patel, during which it was confirmed that (a) Huffman would require surgery within the next four to six weeks and (b) the expected recovery period would be at least two weeks.

34. On July 22, 2024, Huffman notified Ryan Pecina and Boling by email of his need for surgery, his need for additional testing, and the expected timeframe for his recovery from the surgery.

35. That same day, Ryan Pecina acknowledged receipt of Huffman's email and requested that Huffman continue to keep Afdent updated.

36. On July 22, 2024, Huffman emailed Boling requesting FMLA paperwork.

37. Boling responded that she had forwarded his request to Afdent's human resources department.

38. Upon information and belief, Dr. Pecina regularly met or communicated with Ryan Pecina and Boling regarding employee and personnel issues, including hiring, transfer, medical leave, and termination decisions.

39. On July 24, 2024—two days after Huffman requested FMLA paperwork—Dr. Pecina terminated Huffman's employment with Afdent.

40. The reason given by Dr. Pecina for Huffman's termination was an alleged issue with the thickness of a denture.

41. At the time of his termination from Afdent, Dr. Pecina approached Huffman at his workstation, presented a denture, and loudly demanded to know what was wrong with it.

42. After Huffman offered an observation about the denture's thickness, Dr. Pecina grabbed the denture from Huffman's hands, told Huffman he was "fired," and ordered Huffman to leave by shouting "Get out now!"

43. These events occurred in front of two doctors and other lab personnel, who appeared shocked by Dr. Pecina's behavior.

44. The denture's deficiencies were not due to any action or omission by Huffman.

45. Instead, any deficiencies with the denture fell within the quality-control duties and responsibilities of the finishing department, which was managed by Jim Paul ("Paul").

46. Upon information and belief, Paul was not terminated for the alleged denture-thickness issue and instead received only a verbal reprimand from Dr. Pecina.

47. Upon information and belief, Paul did not have a disability and had neither requested FMLA paperwork nor notified Afdent of a need for FMLA-qualifying leave.

48. At the time of his termination from Afdent, Huffman was 60 years old.

49. Upon information and belief, Afdent replaced Huffman as Lab Manager with a 34-year-old male.

50. Upon information and belief, Afdent replaced Huffman as Lab Manager with an individual who did not have a disability.

51. Upon information and belief, Afdent replaced Huffman as Lab Manager with an individual who had neither requested FMLA paperwork nor notified Afdent of a need for FMLA qualifying leave.

52. Huffman's employment with Afdent had been continuous for 14 years prior to his termination on July 24, 2024.

53. During that 14-year period, Afdent did not provide Huffman with any warnings, discipline, or counseling regarding any alleged ongoing performance deficiencies.

54. Prior to Huffman's termination, Afdent did not place Huffman on a performance improvement plan for any alleged ongoing performance deficiencies.

## EXHAUSTION OF ADMINISTRATIVE PROCEDURES

55. On December 13, 2024, Huffman timely filed his Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC No. 470-2025-01351). A true and accurate copy of the charge of discrimination is attached to this complaint as Exhibit 1.

56. Huffman's charge of discrimination was filed with the EEOC within 300 days of the occurrence of the acts of which he complains.

57. On May 8, 2026, Huffman requested that the Equal Employment Opportunity Commission promptly issue a Notice of Right to Sue pursuant to 29 C.F.R. § 1601.28(a)(1).

58. By filing the charge of discrimination with the EEOC and waiting 60 days before bringing this action, Huffman has fulfilled all of the administrative remedy requirements under 29 C.F.R. § 1626.7 that are necessary to bring his age discrimination claim under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq*.

59. On June 23, 2026, the Equal Employment Opportunity Commission issued a Notice of Right to Sue (Issued on Request). A true and accurate copy of the notice of right to sue is attached to this Complaint as Exhibit 2.

60. Huffman has commenced this action within 90 days of his receipt of the Notice of Right to Sue (Issued on Request).

61. All conditions precedent for the institution and prosecution of this action have occurred, been performed, or been satisfied.

## COUNT I – FMLA RETALIATION

62. Huffman incorporates by reference each of the allegations set forth in paragraphs 1 through 61 of this Complaint, as though fully set forth in this paragraph.

63. On July 22, 2024, Huffman (a) requested FMLA paperwork from Afdent in connection with seeking to initiate the FMLA leave process and exercise his rights under the FMLA, and (b) notified Afdent of the need for FMLA qualifying leave due to his serious health conditions.

64. On July 22, 2024, Huffman engaged in activity protected by the FMLA.

65. Afdent knew that Huffman had engaged in activity protected by the FMLA.

66. On July 24, 2024, Afdent took adverse employment action against Huffman by terminating his employment.

67. During the period of July 22 through 24, 2024, Huffman was an "eligible employee" of Afdent within the meaning of the FMLA.

68. Afdent's stated reason for terminating Huffman's employment was false and pretextual.

69. Afdent treated at least one similarly situated employee who did not engage in FMLA-protected activity more favorably.

70. Afdent terminated Huffman in retaliation for engaging in activity protected by the FMLA.

71. By terminating Huffman's employment because he engaged in FMLA-protected activity, Afdent retaliated against Huffman in violation of the FMLA.

72. Afdent's unlawful actions were intentional, knowing, willful, wanton, malicious, and in reckless disregard for Huffman's rights under the FMLA.

73. As a direct and proximate result of Afdent's conduct, Huffman has suffered and continues to suffer damages, including, without limitation, lost wages, benefits, and emotional distress.

## COUNT II – FMLA INTERFERENCE

74. Huffman incorporates by reference each of the allegations set forth in paragraphs 1 through 73 of this Complaint, as though fully set forth in this paragraph.

75. On July 22, 2024, Huffman had an illness, injury, impairment, or physical or mental condition that involved (a) inpatient care in a hospital, hospice, or residential medical care facility or (b) continuing treatment by a health care provider.

76. On July 22, 2024, Huffman had a "serious health condition" within the meaning of the FMLA.

77. On July 22, 2024, Huffman was entitled to leave under the FMLA.

78. On July 22, 2024, Huffman provided Afdent with sufficient notice of the need to take FMLA-qualifying leave.

79. On July 24, 2024, Afdent interfered with, restrained, or denied Huffman's exercise of, or attempt to exercise, rights and benefits to which he was entitled under the FMLA by terminating his employment.

80. As a direct and proximate result of Afdent's conduct, Huffman suffered and continues to suffer damages, including, without limitation, lost wages, benefits, and emotional distress.

## COUNT III – AGE DISCRIMINATION

81. Huffman incorporates by reference each of the allegations set forth in paragraphs 1 through 80 of this Complaint, as though fully set forth in this paragraph.

82. At the time Afdent terminated Huffman's employment, Huffman was 60 years old.

83. At the time Afdent terminated Huffman's employment, Huffman was over 40 years old and was, therefore, a member of the class protected by the ADEA.

84. At the time Afdent terminated Huffman's employment, Huffman was performing his job responsibilities in a manner that met or exceeded Afdent's legitimate expectations.

85. Afdent's stated reason for terminating Huffman's employment was false and pretextual.

86. Upon information and belief, Afdent terminated Huffman and replaced him with a substantially younger individual.

87. Afdent possessed unlawful discriminatory animus toward Huffman on the basis of his age.

88. Afdent discriminated against Huffman because of his age by terminating his employment.

89. Huffman's termination from Afdent constituted unlawful age discrimination.

90. As a direct and proximate result of Afdent's age discrimination against Huffman, Huffman suffered and continues to suffer damages, including, without limitation, lost wages, benefits, and emotional distress.

## COUNT IV – ADA RETALIATION

91. Huffman incorporates by reference each of the allegations contained in paragraphs 1 through 90, as though fully set forth in this paragraph.

92. On July 22, 2024, Huffman informed Afdent of his medical conditions and advised that he anticipated scheduling a surgery, needing additional testing appointments, and requiring a post-surgery recovery period.

93. Huffman's medical conditions constituted a disability within the meaning of the ADA.

94. Huffman engaged in protected activity and acted in good faith when he notified Afdent of his need for future accommodations related to the anticipated surgery, additional testing, and recovery period.

95. Afdent knew that Huffman had engaged in activity protected by the ADA.

96. On July 24, 2024, Afdent took adverse employment action against Huffman by terminating his employment.

97. Afdent's stated reason for terminating Huffman's employment was false and pretextual.

98. Afdent treated at least one similarly situated employee who did not engage in ADA-protected activity more favorably.

99. Afdent terminated Huffman in retaliation for engaging in activity protected by the ADA.

100. By terminating Huffman's employment because he engaged in ADA-protected activity, Afdent retaliated against Huffman in violation of the ADA.

101. At all relevant times, Huffman was an individual with a disability within the meaning of the ADA, 42 U.S.C. § 12102(1).

102. As a direct and proximate result of Afdent's conduct, Huffman suffered and continues to suffer damages, including, without limitation, lost wages, benefits, and emotional distress.

103. Afdent's unlawful and retaliatory conduct was intentional, knowing, willful, wanton, malicious, and in reckless disregard of Huffman's federally protected rights under the ADA.

## COUNT IV: ADA DISCRIMINATION

104. Huffman incorporates by reference each of the allegations in paragraphs 1 through 103 of this Complaint, as though fully set forth in this paragraph.

105. At all relevant times, Huffman was an individual with a "disability" within the meaning of the ADA, 42 U.S.C. § 12102(1).

106. Afdent was aware of Huffman's disability, as well as his history and record of disability.

107. Afdent discriminated against Huffman on the basis of his disability, perceived disability, or record of having a disability by terminating his employment.

108. Afdent violated Huffman's rights under the ADA by discriminating against him on the basis of his disability, perceived disability, or record of having a disability.

109. As a direct and proximate result of Afdent's conduct, Huffman suffered and continues to suffer damages, including, but not limited to, lost wages, benefits, and emotional distress.

110. Afdent's unlawful and discriminatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of Huffman's federally protected rights under the ADA.

WHEREFORE, the Plaintiff, John Huffman, respectfully requests that this Court enter judgment against the Defendant, Affiliated Family Dentists, LLC d/b/a Afdent Dental Services, as follows:

(A) Declaring that the Defendant's acts, policies, practices, and procedures alleged in this Complaint violated the Plaintiff's rights under the FMLA, the ADEA, and the ADA;

(B) Enjoining the Defendant, and its agents, employees, successors, and those acting in concert with the Defendant, from engaging in further acts of discrimination, retaliation, and interference in violation of the FMLA, the ADEA, and the ADA;

(C) Awarding Plaintiff back pay with prejudgment interest in an amount equal to the sum of any wages, salary, benefits, and other compensation and perquisites denied or lost as a result of the Defendant's unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(D) Directing the Defendant to reinstate the Plaintiff to his former position as Lab Manager or, in the alternative, award him front pay in lieu of reinstatement, together with all lost wages, salary, benefits, and other compensation and perquisites, including, but not limited to, back pay, lost health and retirement benefits, and other employment benefits to be determined at trial;

(E) Awarding the Plaintiff compensatory damages for all economic losses, including lost wages, salary, benefits, and other compensation and perquisites in an amount to be determined at trial;

(F) Awarding the Plaintiff compensatory damages for non-economic losses, including emotional distress, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in an amount to be determined at trial, as permitted by law;

(G) Awarding the Plaintiff liquidated damages as permitted by the FMLA and the ADEA;

(H) Awarding Plaintiff punitive damages for the Defendant's willful and intentional violations with malice or reckless disregard of the Plaintiff's federally protected rights under the ADA;

(I) Awarding the Plaintiff the costs of this action, reasonable attorneys' fees, and reasonable expert witness fees, together with any and all other costs associated with this action that are authorized by the FMLA, the ADEA, and the ADA;

(J) Awarding the Plaintiff pre-judgment and post-judgment interest as allowed by law; and

(K) Awarding the Plaintiff any and all other relief that the Court deems reasonable and appropriate under the circumstances.

Respectfully submitted,

/s/ Jonathan R. Slabaugh

Jonathan R. Slabaugh
Attorney Number 28781-20
jslabaugh@riverwalklaw.com
Bradford R. Shively
Attorney Number 28066-20
bshively@riverwalklaw.com

Attorneys for Plaintiff
John Huffman

SANDERS • PIANOWSKI, LLP
300 Riverwalk Drive
Elkhart, IN 46516
Telephone: (574) 294-1499
Facsimile: (574) 294-7277

**DEMAND FOR JURY TRIAL**

The Plaintiff, John Huffman, hereby demands a trial by jury of all the issues herein so triable.

Respectfully submitted,

/s/ Jonathan R. Slabaugh

Jonathan R. Slabaugh
Attorney Number 28781-20
jslabaugh@riverwalklaw.com
Bradford R. Shively
Attorney Number 28066-20
bshively@riverwalklaw.com

Attorneys for Plaintiff
John Huffman

SANDERS • PIANOWSKI, LLP
300 Riverwalk Drive
Elkhart, IN 46516
Telephone: (574) 294-1499
Facsimile: (574) 294-7277